## YORK COUNTY.

JANUARY TERM, 1883, No. 71.			MAY 15, 1883.

## *In Re* Road in Peach Bottom Township.

1. Where three re-reviewers were appointed in proceedings for laying out a road under the act 17th February, 1860, P. L., 61, due notice having been given of the time and place of meeting, and the two re-reviewers who met then and there having duly adjourned to a subsequent day named; *Held*, that there was sufficient notice of the meeting of the latter day.

2. The re-reviewers were appointed to re-review the ground proposed for a new road and the vacation of a part of the old road. They reported against laying out the proposed road. *Held*, that since this was a decision not to establish a new road to supersede the old one, the viewers were not required to report specifically on the propriety of vacating the old road.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.; CLARK, J., absent.

[*In Re* Road in Peach Bottom Township.]

*Certiorari* to the Court of Quarter Sessions of *York County,* at the instance of Isaac M. Stansbury.

Exceptions to the report of re-reviewers reporting against laying out a road beginning at a point in the center of a road leading from Bryansville to Cunningham's Cross Roads, twenty-five feet from the middle of the east wall of Gibson's mill, on Fishing creek, and ending in said public road near Isaac Stansbury's gates in Peach Bottom township.

The proceedings in this case were commenced by the appointment of viewers upon the petition of citizens of Peach Bottom township, and the exceptant was not a petitioner. The viewers reported to October sessions, 1880, in favor of a road and the vacation of a part of an old road. At the January sessions, 1881, a petition for a review was presented and reviewers appointed, who reported to June sessions, 1881, that they had reviewed the road, and were of opinion that there was no occasion for said road, and that it was unnecessary for public use, and would be injurious to the people in the vicinity thereof. On the 12th day of September, 1881, the report of the reviewers was set aside. On October 12, 1881, three re-reviewers were appointed to "re-review the ground proposed for such road so laid out and the vacation of the part of a road mentioned in road proceedings, No. 3, June sessions, 1880, and the parts adjacent, and make report of their proceedings to the said court at the next term thereof, and the said persons shall re-review such ground and vacation, and if a majority of them shall concur in their report and agree that there is occasion for such road, they shall proceed to lay out the same," &c.

On the 11th of April, 1882, the day appointed for the re-review, the re-reviewers, after more than ten days' notice of the time and place of meeting had been given, met and two were duly affirmed, organized, and adjourned, on account of the absence, by reason of illness, of H. R. Lloyd, one of the re-reviewers, to meet on the 14th of April, 1882, at which time they met pursuant to the adjournment, and the third re-reviewer, being duly qualified, they reported that there was "no occasion or necessity for the road as laid out by the viewers, and do therefore report against laying out a road as desired by the petitioners."

The proceedings for laying out roads in York county are governed by act 17th February, 1860, P. L., 61.

SECTION 1. That the number of road and bridge viewers appointed by the Court of Quarter Sessions of the county

*[In Re Road in Peach Bottom Township.]*

of York shall be three. Every view, review, and re-review shall be made by the whole number of persons so appointed, a majority of whom shall concur in their report, in order to its confirmation by the Court.

SECTION 2. That in all cases where the Court of Quarter Sessions shall appoint viewers to locate a public road or bridge, the viewers so appointed shall not proceed to view and locate the same, until the persons interested in the road or bridge shall have given public notice on the route of the proposed road, by written or printed advertisements, of the time and place when said viewers shall meet for the purpose of locating said road or bridge, at least ten days before such time of meeting.

A rule of court provides how the above notice shall be given.

The following exceptions were filed to the report of the re-reviewers:

*First.*—No notice was given by the re-reviewers, or any person interested, as required by law and by rule of court, that they would meet on the 14th day of April, to perform the duties of their appointment, and notice of the time and place of the meeting of the viewers was not given according to the act of assembly and rule of court.

*Second.*—The re-reviewers did not perform the duties required of them by the rule of court, annexed to their report, but wholly failed to report on the propriety of vacating the road proposed to be vacated in road proceedings No. 2, June sessions, 1880, and specified in the order.

Upon these exceptions, the Court below, WICKES, J., filed the following opinion:

"Two of the re-reviewers met on the 11th of April, and adjourned to the 14th, on account of the illness of the third. It is said they ought to have given ten days' notice required by the act of 17th February, 1860, P. L., 62, of the adjourned meeting. We see no merit in this exception. The two who met, pursuant to the notice given on the 11th of April, could not proceed with the view, as the first section of the act requires that the whole number shall act, although a majority may report. The right to adjourn and reconvene is fully recognized in Paradise Road, 5 Casey, 20, and we have never before known it questioned in this court.

Nor is the second exception entitled to prevail. The re-reviewers were appointed to re-review the ground proposed for a public road between certain points, and to vacate the old road between the same points. They re-

ported adversely to the new road, and that obviated any necessity to report for or against the vacation of the old.

And now, to wit, September 27, 1882, exceptions to road report No. 5, October sessions, 1882, dismissed and report confirmed."

The appellant then took out a writ of *certiorari*, assigning as error the dismissal of the exceptions by the Court below.

*W. C. Chapman* for appellant.

The act of 17th February, 1860, P. L., 61, is mandatory, and the mode of proceeding must be strictly complied with, or the proceedings will be utterly void: Norwegian Street, 31 P. F. Sm., 349; Bladen *v.* Philadelphia, 10 P. F. Sm., 464; O'Byrne *v.* City of Philadelphia, 12 Norris, 225; Dillon on Municipal Corporations, § 471.

In Paradise Road, 5 Casey, 20, the first meeting and view fulfilled the requirements of the statute, and the adjourned meeting was therefore legal. Here the first meeting was not a compliance with the statute, and notice should have been given of the adjourned meeting.

The re-reviewers did not report on the old road, nor re-review it as required by the order of court.

*H. W. McCall* for appellee.

The statute was strictly complied with, and the viewers had a right to adjourn from one time to another: Paradise Road, 5 Casey, 20; Cambria Street, 25 P. F. Sm., 357; Stiles *v.* Turnpike Road, 10 S. & R., 286.

The only notice required by the act is that of the meeting of the viewers. It need not appear on the face of the report that all the viewers were present: Springbrook Road, 14 P. F. Sm., 451; Spring Garden Road, 7 Wr., 144. The proceeding is presumed to be regular: Road in Lehigh and Bucks Co., 10 P. F. Sm., 330; 2 Binney, 225; Spear's Road, 4 *Id.*, 174; Middle Creek Road, 9 Barr, 69; McCall's Ferry Road, 13 S. & R., 25; New Hanover Road, 6 Harris, 220. To re-review the old road would be useless, for they could not vacate it without first deciding to grant a new road. This was obviated by reporting adversely to the new road: Potts' Appeal, 3 Harris, 414; Road in Lower Macungie Township, 2 Casey, 221; Chartiers Township Road, 10 Casey, 413.

MAY 25, 1883.—PER CURIAM: There is no error in this record. It was a case of review. Due notice having been given of the time and place of meeting, and the two who

met having then and there duly adjourned to a subsequent day named, was sufficient notice of the meeting on the latter day.  As the law does not require the doing of a vain and useless thing, when the viewers decided not to confirm or establish a road to supersede the old road, they were not required to report specifically on the propriety of vacating the latter.  The report against the new one was substantially a confirmation of the old road.

Judgment affirmed.