# DIVISION OF LANSFORD BOROUGH.

### APPEAL BY G. M. DAVIS ET AL. FROM THE COURT OF QUARTER SESSIONS OF CARBON COUNTY.

Argued March 9, 1891—Decided March 23, 1891.

Where commissioners, appointed to divide a borough into wards, under the act of May 14, 1874, P. L. 159, and its supplements, met after due notice at the time and place designated, it will be presumed that an adjournment for further hearing to another time and place was public, and their report need not show expressly that formal notice of the adjourned meeting was posted.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 172 July Term 1890, Sup. Ct.; court below, No. 46 June Term 1890, Q. S.

On June 22, 1889, the petition of citizens praying for the division of the borough of Lansford into wards, under the provisions of the act of May 14, 1874, P. L. 159, and its supplements, was presented, whereupon three persons were appointed commissioners to inquire as to the propriety of such division and to make report, etc. On October 21, 1889, two of the commissioners filed a report recommending a division of said borough into three wards; confirmed nisi. This report set out that the three commissioners met at the borough council chamber, in said borough, on Saturday, September 21, 1889, at 10 o'clock A. M., "and, after all were severally sworn, proceeded to examine the territory of said borough and hear the testimony of parties interested, and then adjourned to meet at Mauch Chunk, Pa., on the 28th day of September, 1889, at five o'clock P. M., at which time all the commissioners, being present, heard further testimony from the parties interested, and then adjourned to meet at Mauch Chunk on Saturday, the 12th day of October, 1889, at one o'clock P. M. After hearing all the testimony and giving the matter due consideration, we have concluded that it would suit the convenience of the citizens to have the said borough of Lansford divided into three wards, and are of the opinion that the prayer of the petitioners should be granted.

"We therefore recommend that the said borough of Lansford be divided into three wards. The first to be bounded and described as follows : . . . ."

To this report, George M. Davis and others filed certain exceptions, one of which, filed nunc pro tunc, was as follows :

"6. The report of the commissioners does not show that there was any notice given of the adjournment of their meeting from the borough of Lansford to the borough of Mauch Chunk, to hear further evidence in the case ; nor, in point of fact, was there any such notice given."

Said exceptions having been argued, the court, DREHER, P. J., on April 25, 1890, filed an opinion in part as follows :

There is another question, not referred to by counsel, but which may become of importance ; and that is, whether there should have been a new notice posted of the adjournment of the meeting of the commissioners from the borough of Lans-

Opinion of Court below.

ford to Mauch Chunk, to hear further evidence. There was ample notice given of the first meeting at the borough council chamber in Lansford.

In Brown v. Fowzer, 114 Pa. 446, Mr. Justice GREEN, delivering the opinion, says: "We think also, though the act is silent upon the subject, that proper notice of the proceedings should be directed by the court on the filing of the petition, and the character of the notice to be given, should be embodied in the order. The report should certify specifically what notice was given, so that it may appear on the face of the proceeding that the order of the court has been complied with. The powers conferred by the act are of a public and an important character, and all parties interested ought to have an opportunity to be heard, and such opportunity can be best obtained by an adequate notice so given as to reach most effectively the various parties to be affected." In that case, the report failed to show what the notice was and how it was given.

In the case we are now considering, the report shows ample notice of the first meeting, but does not show that any notice was posted of the adjournment. If it should be held that notice of adjournment should have been posted, the omission to do so would be fatal to the proceedings. We are not, however, clear as to this question.

From the evidence heard in court, it seems to me that the electors and citizens of the borough are pretty evenly divided on the question whether there should be two or three wards, each party being of the opinion that if the question should be submitted to a vote the majority would be with them. If there were no doubts surrounding the regularity of the proceedings, particularly, that there was no posted notice of the adjournment of the commissioners from Lansford to Mauch Chunk, a distance of some nine miles, where additional evidence was heard by them, I would not feel disposed to disturb the majority report, but, under all the circumstances, I would favor a review. The associate judges, however, differ from me, and think that, as the defective draft may be perfected by referring the report back to the commissioners to make and return a complete draft, the report will be relegated to the commissioners for that sole purpose.

—A defective draft having been corrected on a reference

Opinion of the Court.

back to the commissioners for that purpose, an order was entered on June 10, 1890, confirming the report and decreeing accordingly. Thereupon, the exceptants took this appeal, specifying, inter alia, the overruling of the said exception, and the order confirming the report, etc., for error.

*Mr. Allen Craig* (with him *Mr. James S. Loose*), for the appellants.

Counsel cited: § 2, act of May 14, 1874, P. L. 159; § 14, act of April 15, 1834, P. L. 539; Brown v. Fowzer, 114 Pa. 450; Bethel Tp. Road, 1 Pa. 101; Norwegian Tp., 20 Pa. 326; North Whitehall Tp., 47 Pa. 156; Independence School D., 33 Pa. 299; Wilkins Tp. School D., 70 Pa. 111; Clearfield Ind. School D., 79 Pa. 419.

*Mr. Frederick Bertolette*, for the appellees.

Counsel cited: Edgewood Bor., 130 Pa. 348; Peach Bottom Tp. Road, 3 Penny. 541, 544; Paradise Road, 29 Pa. 20; South Abington Tp. Road, 109 Pa. 118, 124; Sterrett Tp. Road, 114 Pa. 627, 634; Lower Merion Road, 18 Pa. 238.

PER CURIAM:

This case is here as upon a certiorari. That writ is a very narrow plank to walk upon. We have nothing but the record, and if that discloses no error, our plain duty is to affirm. The opinion of the court is no part of the record.

The only assignment of error which requires notice is the fifth, which is as follows: "The report of the commissioners does not show that there was any notice given of the adjournment of their meeting from the borough of Lansford to the borough of Mauch Chunk, to hear further evidence in the case; nor, in point of fact, was there any such notice given." We do not understand it to be denied that due notice of the first meeting had been given, and that the commissioners met at the time and place designated in the notice. The presumption is that the adjournment was public, and that the appellent had notice of it. A public adjournment is sufficient notice of the adjourned meeting: Peach Bottom Tp. Road, 3 Penny. 541; Paradise Road, 29 Pa. 20. "An adjournment," says Blackstone, "is no more than a continuance of the session from one

Statement of Facts.

day to another, as the word signifies." The adjournment of the commissioners is analogous to the adjournment of a court. The session is, in law, continuous. The adjournment from day to day is a matter of convenience, of which parties, jurors, and witnesses are bound to take notice. We find no error in this record.

Affirmed.

On April 13th, a motion for a re-argument was refused.

