149    345
25 SC ¹421

# Commonwealth ex rel. District Attorney *v*. Kistler et al.

*Certiorari—Supersedeas.*

The writ of certiorari is not in itself a supersedeas, but operates as one by implication because it takes the record out of the custody of the inferior court. The suspensory power of the writ arising merely by consequence of the removal of the record, it operates only on the court and parties directly connected with the proceedings. Action by other parties and upon collateral matters is not interfered with.

*Same—Borough—Division into wards—Election.*

An appeal having been taken from a decree of the court of quarter sessions dividing a borough into wards and ordering an election therein, and a certiorari having issued, an election held under the decree appealed from before the dismissal of the appeal by the Supreme Court, is valid.

In the case of such an appeal while the rights of the electors as a body are directly involved, they are not strictly parties or privies to the proceeding. In holding the election they exercised an asserted right, and the title of the parties they elected depended on the existence of such right. This court having decided that this right existed, there is no good reason why that decision should not relate back to the election and make good the title of the parties elected from that time.

It seems that if there had been any disorderly attempt by the parties

elected at the ward election to exercise the functions of their office before final decision in their favor, a special supersedeas or an injunction would have been proper.

*Quo warranto—Practice—Private counsel—Rule to show cause or writ.*

Where the complainant is the commonwealth and the relator is entitled to represent her, whether the case is actually managed by private counsel or not, is immaterial. Questions may arise as to the right or authority of the relator to act for the commonwealth, and in such cases a rule to show cause would ordinarily be the better initial proceeding, but whether a rule or the writ shall issue in the first instance is a matter of practice and largely within the discretion of the court: Gilroy v. Commonwealth, 105 Pa. 484. The best and most convenient practice is stated by PAXSON, J., in Commonwealth v. Bank of Amer., 10 Phila. 156, but the rules there laid down are subject to judicial discretion in their application.

Argued March 9, 1892. Appeal, No. 105, July T., 1891, by plaintiff, The Commonwealth of Penna. ex rel. J. S. Fisher, Dist. Atty., from decree of C. P. Carbon Co., June T., 1891, No. 5, refusing application for quo warranto against E. H. Kistler et al. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

The suggestion for the quo warranto was made by John F. Fisher, district attorney, on behalf of the commonwealth. It stated that on the 10th of June, 1890, by order and decree of the court of quarter sessions of Carbon county, the borough of Lansford was divided into three wards; that an appeal was taken to the Supreme Court on the 26th of June, 1890, and on the 23d of March, 1891, the Supreme Court affirmed the decree and dismissed the appeal. That by said order and decree of said court of quarter sessions an election was ordered to be held in said three wards at the election in Feb., 1891; that in accordance therewith an election was held and certain councilmen elected for the several wards; that the old council refused to recognize the new councilmen so elected; and praying for a writ of quo warranto as to the old councilmen.

The answer denied the validity of the election referred to in the suggestion, alleging that the appeal to the Supreme Court mentioned in the suggestion was a supersedeas of the decree of June 10, 1890; and stated that at the true February, 1891, election, held at the polling place for the whole borough, other councilmen were elected. The defendants also demurred to the suggestion on the ground, inter alia, that the appeal of June 26, 1890, was a supersedeas. The plaintiff demurred.

The court below in an opinion by DREHER, P. J., discharged the rule to show cause why a writ of quo warranto should not issue.

*Errors assigned* were (1) the discharge of the rule; (2) not sustaining the commonwealth's demurrer; (3) not entering judgment of ouster.

*Edward Harvey*, with him *Frederick Bertolette*, for appellant. —The writ of quo warranto was of right in this case, being applied for by the district attorney : Act of May 30, 1850, P. L. 654; Gilroy v. Commonwealth, 105 Pa. 484; Commonwealth v. Walter, 83 Pa. 105; Commonwealth v. Bank of Amer., 10 Phila. 156.

The appeal of June 26, 1890, amounted to nothing more than the issuing of a certiorari and was not a supersedeas, except as to the court. It did not prevent the holding of a valid election under the decree which had been entered : Ewing v. Thompson, 43 Pa. 376 ; Patchin v. Mayor, 13 Wend. 665.

The affirmance of the decree by the Supreme Court related to the date of the original decree and ratified all that had been done under it.

*Allen Craig*, with him *James S. Loose*, for appellees.—The certiorari was a supersedeas : Amer. & Eng. Enc. of Law, vol. 3, page 66 ; Hunt v. Lambertville, 46 N. J. Law, 59 ; McWilliams v. King & Phillips, 32 N. J. Law, 21 ; Case v. Shepherd, 2 Johns. Cases, 27 ; Patchin v. Mayor, 13 Wend. 665 ; Gardiner v. Murray, 4 Yeates, 560 ; Ewing v. Thompson, 43 Pa. 372 ; Roaring Brook Twp. Road, 140 Pa. 632.

OPINION BY MR. JUSTICE MITCHELL, May 23, 1892.

The court of quarter sessions made a decree dividing the borough of Lansford into three wards and this court confirmed the decree : Lansford Borough, 141 Pa. 134. It is now claimed, and the learned judge below felt constrained to hold, that a single dissatisfied taxpayer, by a certiorari without allocatur or special order of supersedeas could defeat the effect of the decree, postpone the election under the law, deprive the electors of their rights for an indefinite period, practically beyond the next general election, and thus continue in office for at least a year parties elected under a borough organization which had no legal existence at the time of the election. The extreme in-

convenience of such a result in such a case requires us to look closely into the grounds upon which it rests.

The writ of certiorari, as said by STRONG, J. in Ewing v. Thompson, 43 Pa. 372, "is not in itself a writ of supersedeas, but it operates as one by implication," because it takes the record out of the custody of the inferior court, and leaves nothing there upon which to proceed. If anything remains outstanding, and not removed, then action upon such matter is not superseded. "If an execution has been issued upon a judgment before the service of a certiorari the power of the sheriff to go on under the execution is not suspended. It requires a formal supersedeas to suspend it:" Id. The suspensory power of the writ therefore arising merely by consequence, from the removal of the record, it operates only on the court and parties directly connected with the proceedings. Action by other parties and upon collateral matters is not interfered with. Accordingly, it was held in Ewing v. Thompson, supra, that where a commission had been issued to the person appearing on the face of the election returns to be entitled to an office, and a contest had been made resulting in a decree that another had been elected, the governor might issue a commission to the successful contestant. "The issue of a commission by the executive after the service of a certiorari is not disobedience to the writ, for that goes only to the judges. It is not therefore a contempt, as action by the judges and the parties would be. He is no party to the contest, either in form or in substance. . . . Nor do the authorities show that a certiorari operates upon any other than the court and parties:" Id.

In the present case the citizens and electors of Lansford were not, as such, parties to the proceeding, though some of them had in their capacity of citizens signed the petition by which the proceeding was initiated. When the decree was made, dividing the borough into wards, certain rights accrued to the electors under and by virtue of the general laws of the commonwealth. Such rights were no longer under the control of the court, and required no further action upon the court's part, its function as to them was done, the results followed from the general law. When the appropriate time came, the day of the next general election, the electors claiming to possess such rights, a claim which this court has since said was

valid, proceeded to exercise them by holding an election by wards.. In such action there was no contempt, nothing in violation of the order of this court, nor contrary to its writ, nothing in fact in any way disorderly or illegal. It was entirely analogous to the action of the governor in issuing a second commission to Thompson pending the certiorari in the election contest between him and Ewing. The action was sustained as an action in furtherance and by virtue of a right claimed but still sub judice. If the right was decided not to exist, the exercise of it was a nullity and fell for want of foundation. If however it did exist there is no good reason why its exercise under the circumstances should not be held valid. The proceeding to divide a borough, as was said in Ewing v. Thompson of a contested election, is peculiar. The rights of the electors as a body are directly involved, and yet they are not strictly parties or privies to the proceeding. The general rule is that only such parties are affected by the certiorari, and we do not think such a case is one in which to stretch the operation of the certiorari beyond its strictly appropriate limits.

In Ewing v. Thompson this court it is true held that although the certiorari did not affect the action of the governor in issuing a commission to Thompson, yet it did affect the latter in his right to the immediate possession of his office. But this was because Thompson was a privy to the action. The very question was his title to the office. The court held that this would depend on the final decision of the contested election, and if in his favor the decision would relate back and make his title and his claim to the emoluments good from the election, but that pending such final decision his right of possession was suspended by the certiorari. In the present case, the general electors, as already said, were neither parties nor privies. They exercised an asserted right, and the title of the parties they elected depended on the existence of such right. When this court decided that the right existed there is no good reason why that decision should not relate back to the election and make good the title of the parties elected from that time, as it did in sheriff Thompson's case.

There was nothing disorderly in holding this election. As the law was not yet finally settled, the electors provided for the contingency of a settlement in their favor. It was an orderly,

legal and effective way of protecting the rights they claimed. Com. v. Reynolds, 137 Pa. 389, was a similar case, where the law as to the school districts of the city of Wilkes-Barre being in doubt the electors held elections in two ways, by wards and as one district, on the same day, and on quo warranto the title to the office was adjudicated, and neither the court below nor this court found any occasion to comment unfavorably on the proceeding.

Had there been any disorderly attempt by the parties elected at the ward election to exercise the functions of their office before final decision in their favor, a special supersedeas or an injunction would have been proper in this case as in Ewing v. Thompson, but it would have got its force, here as there, not from the certiorari but from the order of the court to maintain the status quo.

The subordinate questions are not important. The complainant is the commonwealth and if the relator is entitled to represent her, whether the case is actually managed by private counsel or not is immaterial. Questions may arise as to the right or authority of the relator to act for the commonwealth, and in such cases a rule to show cause would ordinarily be the better initial proceeding, but whether a rule or the writ shall issue in the first instance is a matter of practice and largely within the discretion of the court: Gilroy v. Com., 105 Pa. 484. The preliminary rule is more elastic than the writ and has some advantages, but whether to use it or not is a matter for the court in each case on its own circumstances. The best and most convenient practice is stated by PAXSON, J. in Com. v. Bank of America, 10 Phila. 156, but the rules there laid down are general, not intended to be iron bound and invariable, but subject to judicial discretion in their application.

Judgment reversed and record remitted for judgment of ouster in accordance with this opinion.