## Westgate v. Erie Railroad Company et al.

*Practice—Continuance—Surprise—Control by the court of its own order—Non-suit—Entry after regular term of the court.*

1. The court may control its own order for continuance of a case, and where the reason for entering such an order has been removed, the court may revoke it and require that the case proceed to trial.

2. Where surprise is pleaded, it is not necessary that the case be continued to the next term of the court; an adjournment to a time set is adequate protection to the party pleading surprise if it appear that he has sustained no prejudice or injury.

3. A compulsory non-suit may be entered after the expiration of the regular term at which the case was set for trial if the case has been regularly adjourned by order of court to the date upon which the non-suit is entered.

Rule to strike off non-suit. C. P. Susquehanna Co., Aug. T., 1918, No. 11.

*G. E. Gardner*, for plaintiff; *W. A. Skinner*, for defendants.

SMITH. P. J., March 6, 1922.—The question involved on this motion is one of considerable importance and somewhat novel, and for a clear understanding we deem it proper to detail the proceeding anterior to this rule.

The action is trespass. After several continuances well founded, the case came on for trial before a judge and jury March 8, 1921; whereupon several motions were made and disposed of by us, not important here until those which we now note.

First, a jury was duly empaneled and sworn, and, on motion, went upon the premises as a jury of view to report in court Aug. 10, 1921, at 9 o'clock A. M., when, because trial of another cause was in progress, [this case was] postponed to Aug. 11, 1921, when it was reached for trial, jury in the box and parties with their attorneys and witnesses present, when, *inter alia*, and first in importance here, the attorney for plaintiff moved to strike off an amended affidavit of defence previously filed by the defendant June 2, 1919, which we refused, exception noted and bill sealed; plaintiff's attorney then pleaded "surprise," and requested that the case be continued to the next term. This motion we also refused; thereupon defendant filed another and amended affidavit of defence upon our allowance. The plaintiff then pleaded "surprise," and asked for continuance to following term, which we again refused,

2 D. & C.

Westgate *v.* Erie Railroad Company et al.

being at the time of the opinion no new matter was interposed in the amended affidavit of defence to justify a continuance.

We then, at the request of plaintiff's attorney, gave an opportunity to prepare and present an affidavit setting forth the particular matters in the amended affidavit of defence relied upon as a ground of "surprise," and of which we were convinced and directed the stenographer to enter on his motion, which was done, the following order: "The motion for continuance is allowed by the court, a juror is withdrawn and the case is continued."

Immediately following, the attorney for the defendant stated that: "We are very anxious to try this case, and, in view of the fact that this case has gone as far as it has and a jury has viewed the ground, we say at this time that if the court's only reason for continuing this case over the term is the denial that Westgate is the owner of the land, we withdraw that allegation."

The allegation of lack of title, mentioned in the last quotation, was the reason for upholding "surprise" and entering the above quoted order.

Attorneys for the plaintiff then interposed the following: "I have sent Mrs. Westgate and two witnesses home and have only two witnesses besides Mrs. Westgate here." The above discussion was continuous and with the entire twelve jurors empaneled and sworn in the case still in the box.

We then expressed our disapproval of sending the witnesses home, pending discussion, in which we think we were correct, and, finally, upon a withdrawal by defendant's attorney of the allegations of the fourth paragraph of the amended affidavit of defence, embodying the statement assigned, and held by us sufficient as a ground of plaintiff's "surprise," we intimated our purpose to go on with the trial, "unless something might be shown . . . that the plaintiff is prejudiced since the order (of withdrawal of juror and continuance) was placed upon the record." Whereupon the plaintiff stated, if forced to trial, "the proceeding in this case will be to suffer a compulsory non-suit;" and, upon request of the court, they stated to the stenographer in full and detail their objections to any change in our order to continue, chiefly because of the absence of witnesses, having left court by consent of counsel upon the strength of such order of continuance.

We then directed the entry by the stenographer of the following order:

"The Court: We revoke the order withdrawing a juror and continue the case until next Tuesday, unless you can agree upon a date. In view of the number of continuances of this case and the expense of the view already had by the jury empaneled and sworn to try the case the present week, and who have been here all the week for that purpose, now, that the attorneys and parties are here in court, and at the same date and session of the order of continuance, the said order is hereby revoked, and it is directed that the hearing in this case be continued until Tuesday, Aug. 23, 1921, at 2 o'clock in the afternoon, and it is ordered that the present jury empaneled for trying the case, and now in attendance for that purpose, meet here at that time for the purpose of a trial."

Then we admonished the jury as to their duties upon separating and relative to their allowing no conversation with them about the case or hearing anything about it except in court, when reconvened for the trial on the date fixed.

The regular August Term, 1921, was, as per standing rule of court, for two weeks, commencing Monday, Aug. 8th, and for all the courts, including Common Pleas; was by daily continuances held until Aug. 18, 1921, when, as the "Court Minutes" kept daily by the prothonotary show, it was regularly adjourned to "Tuesday, Aug. 23, 1921, at 2 o'clock P. M.;" the entry on said

minutes of the latter date being thus: "Now, Aug. 23, 1921, court called at 2 o'clock P. M., in pursuance of last mentioned adjournment."

In the meantime, information had come to us by way of attorneys for the plaintiff that on Aug. 23, 1921, date of adjourned trial of this case, they would not present any evidence and would be compelled to suffer a compulsory non-suit. Having thus been advised, with the object of saving the jurors inconvenience and trouble of attending that day and also save the county the expense of such attendance, we caused notice to be given them not to appear.

As further inducement to such course, we below quote letter from attorney for plaintiff to the attorney for the defendant, dated Aug. 15, 1921, filed in the case Aug. 23, 1922:

"Montrose, Pa., Aug. 15, 1921.

"Mr. W. A. Skinner, Susquehanna, Pa.

"Dear Will: In reply to your letter of the 12th, in re Westgate v. the Erie & D. & H., will say that it will not be necessary for you to produce witnesses at Montrose on Aug. 23rd, as we will suffer a non-suit at that time. Reserving the right to make application for a continuance at that time if any new grounds arise between now and *then*. Yours very truly,

"(sgd) G. E. GARDNER.

"Please forward enclosed letter to Col. Noble; I have no *address;* also please acknowledge so we have no hitch."

Aug. 23, 1921, at 2 o'clock P. M., attorneys for both plaintiff and defendant appearing, jury absent and no witnesses in attendance for either party, and no sufficient reasons being presented to us for further continuance, the motion for and entry of judgment of compulsory non-suit were filed. The same day we granted the present rule, and Nov. 2, 1921, specific reasons were assigned and filed, which we deem best to quote in full as follows:

"1. The court having permitted the defendants to amend their affidavits of defence at the time of trial, the plaintiff pleading surprise, it was, therefore, the duty of the court to postpone the trial until the next term of court.

"2. The court having withdrawn a juror and allowed a continuance on the plea of surprise, could not rescind the order and *compel* the plaintiff to go to trial.

"3. Having continued the case under the Act of March 21, 1806, § 6, 4 Sm. Laws, 329, the case was continued until the next term of court, which was fixed for the second Monday of November, 1921."

1. The force of the first reason is neutralized from the fact of the withdrawal by the defendant of the allegation in affidavit of defence which gave occasion for the "surprise," and need not be further noticed.

2 and 3. These objections contend for the finality of the court's order first made, withdrawing the juror and continuing the case, which, it is claimed, must necessarily mean to the next of November Term of the Court of Common Pleas, and that we had no power to subsequently revoke it and fix Aug. 23, 1921, as date for trial and adjourn to that date for that purpose.

The Act of June 10, 1881, P. L. 113, authorizes such continuance or adjournment of trial of causes as at bar. A "continuance" is effected by an "adjournment" to a time certain (Com. *v.* Maloney (Mass.), 13 N. E. Repr. 482, 484; Lansford Borough, 141 Pa. 134, 136), as was done at bar. After our revocation of previous order for withdrawal of juror and *general* continuance of the cause, which had not yet been given effect by even the retirement of one juror from the jury-box, all counsel in court carrying on a continuous discussion to the point where the defendant's withdrawal of the cause of "surprise" occasioning the original order, made such general continuance unneces-

2 D. & C.

sary, and motion then made would have been refused, and we see no good reason why we might not properly effect the same result by revoking one already made under the circumstances, which, as we can observe, occasioned no prejudice or injury to either party, except probably the alleged going from court of some of the plaintiff's witnesses who had not then been discharged or excused by us from further attendance, and particularly by our order adjourning to Aug. 23, 1921, for trial, we afforded plaintiff adequate opportunity of overcoming this objection by giving time to recall his witnesses.

4. While the compulsory non-suit was not entered during the two weeks of the term, it necessarily follows from the above discussion and conclusions that it was at a date to which said term was "adjourned" or "continued" and the trial of the case at bar postponed, and we are not convinced of error in ordering non-suit.

The complete transcript of the proceedings, from which we have abstracts, and which we have referred to in this opinion from notes made by the stenographer at the time at our direction, although a deviation from the usual and, we may admit, the more orderly practice of filing separate motions and objections by counsel and orders by the court, we have directed to be filed as part of the record with the same effect as if so separately signed and filed, as when made appearing perfectly proper and having one feature of commendation as expediting proceedings.

And now, March 6, 1922, rule to strike off compulsory non-suit is discharged at request of plaintiff's attorneys. Exception noted and bill sealed.