## Taubel Estate

*Smith, Cahall & Aker* and *Budd & Bertas*, for petitioners.

*Henderson, Wetherill & O'Hey,* and *von Moschzisker, Bradley & Carroll,* for respondents.

TAXIS, P. J., October 20, 1959.—Lillian E. Taubel died November 1, 1958, a resident of Montgomery

County, leaving to survive her a daughter, Andrea Taubel, age 12. Joseph Sylvester Covell claims he is decedent's common-law spouse. On November 13, 1958, the register of wills appointed the Montgomery County Bank and Trust Company administrator pendente lite. Subsequently, v a r i o u s testimony documents were lodged with the register and three caveats were filed. Thereupon the register of wills certified the matter to this court as raising difficult and disputable questions, and after full hearing and testimony, this court on May 14, 1959, determined that the writing offered for probate dated March 26, 1953, had been effectively revoked by decedent and on that same date letters of administration were issued by the register of wills to Thomas J. Quinlan and Montgomery County Bank and Trust Company, administrators.

On June 6, 1959, an appeal to the Supreme Court was perfected by proponents of the 1953 will, and on the same date a writ of certiorari was lodged with the clerk of the orphans' court. Six days later, namely, on June 12, 1959, the present petition for a declaratory judgment was filed with this court by the administrators of the estate of Lillian E. Taubel asking the court, inter alia, to issue a citation directed to Joseph Sylvester Covell requiring him immediately to show cause why he should not present and prosecute his claim to be a common-law spouse of decedent rather than to await the outcome of the appeal pending in the Supreme Court. Petitioners aver that such declaratory judgment is required "in order to afford them relief from the uncertainty and ambiguity with respect to their rights and duties growing out of said antagonistic claims of Joseph Sylvester Covell."

An answer raising questions of law was filed by Joseph Sylvester Covell, respondent, alleging inter alia, that the orphans' court lacks jurisdiction to entertain a petition for declaratory judgment because

of the pendency of the Supreme Court appeal, that the allegations of the present petition relate to matters of administration which are presently before the Supreme Court of Pennsylvania, that the ultimate decision of the Supreme Court could affect petitioners' standing as parties to the present action, and prays that the petition for declaratory judgment be dismissed.

The court is met at the threshhold with a question of jurisdiction, for if the writ of certiorari lodged with the clerk of the orphans' court removes the entire record from this court, then this court is without power or jurisdiction to proceed with a cause which may be affected by a decision of the Supreme Court. On the contrary, if the matters presently before the appellate court and any decision made by that tribunal are unaffected by the matters raised by the petition for declaratory judgment, then, so petitioners argue, this court has power and jurisdiction to grant a declaratory judgment in these circumstances.

There are a number of cases which discuss the effect of a writ of certiorari upon the jurisdiction and power of a lower court but none at all similar on its facts. The matter at issue appears to be the first instance in which a lower court has been called upon to act in the unique factual situation presented.

The general rule has been stated firmly in Sowers Estate, 383 Pa. 566, that a court of first instance is without jurisdiction to proceed with a cause after the record thereof has been removed to an appellate court in the absence of a statute providing otherwise. See Harwood v. Bruhn, 313 Pa. 337, 341; Gilbert v. Lebanon Valley Street Railway Co., 303 Pa. 213; Ewing v. Thompson, 43 Pa. 372, 376; Commonwealth ex rel. District Attorney v. Kistler, 149 Pa. 345. Cf. Kingsdorf v. Frank Gamburg, Inc., 137 Pa. Superior Ct.

84, 96; First National Bank v. Fair, 72 Pa. Superior Ct. 457, 460; McFadden Estate, 3 Fiduc. Rep. 588.

The court on prior occasions has dismissed petitions where writs of certiorari have been lodged with its clerk and has adhered to the general rule that such writ acts as a removal of the record and is a stay of all proceedings; that a lower court has no jurisdiction to decide controversies or grant requests of parties involving such record. See Masciantonio Estate, 7 Fiduc. Rep. 506; Fisher Estate, 12 D. & C. 2d 612.

To distinguish the holdings in the above cited cases petitioners argue that the claim of Mr. Covell is entirely collateral to any matters which the Supreme Court may be called upon to decide. Petitioners point to dicta in Ewing v. Thompson, 43 Pa. 372, and Commonwealth ex rel. District Attorney v. Kistler, 149 Pa. 345, as supporting their argument that action by a lower court upon collateral matters is not interfered with. The infirmity in this argument, however, is that the present proposed declaratory judgment proceeding is not entirely collateral to the pending appeal.

The matter before the Supreme Court relates to the effectiveness of the revocation of a 1953 will in which personal representatives other than the present administrators are named. If the Supreme Court should conclude that this 1953 will was not effectively revoked, then the 1953 will may be probated and executors named in the will could be the proper parties as petitioners rather than the present administrators-petitioners. To this extent, therefore, what the Supreme Court could decide will affect the parties who should be parties plaintiff in any matter involving declaratory judgment proceeding. This is one important area in which the appellate court may in its decision affect these proceedings should a declaratory judgment be granted and the matter proceed to

hearing. Thus the decision of the Supreme Court in the pending appeal might conceivably deprive the present administrators of standing to file this petition for declaratory judgment. The result might be that a declaratory judgment proceeding in this court might then become a vain and useless act. In light of this possibility the rule that a writ of certiorari deprives the lower court of jurisdiction to act on matters pending on appeal is applicable.

Petitioners further argue that the general rule just cited applies only where a statute does not "provide otherwise" and earnestly contend that section 772 of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.772, and section 208(c) of the Register of Wills Act of June 28, 1951, P. L. 638, 20 PS §1840.208, clearly "provide otherwise," thereby creating an exception to the general rule warranting this court in assuming jurisdiction.

Although the literal language of those two sections may give credence to the argument presented by petitioners, the effect of a writ of certiorari is so firmly and so inextricably interwoven into our appellate jurisdiction that I am reluctant to conclude that those sections of the Orphans' Court Act and the Register of Wills Act create an exception to the general rule. No cases have been cited to the court and no cases have been found which support petitioners' suggested interpretation.

After consideration of the briefs and able arguments of counsel I conclude therefore that the writ of certiorari deprives this court of jurisdiction to grant a petition for declaratory judgment in the circumstances of this case.

In light of this ruling there is no need to pass upon other matters raised.

And now, October 20, 1959, for the reasons set forth above the petition for declaratory judgment is herewith dismissed.