# Farr, et al., Appellants, *v.* Zeno.

*Sales — Contracts — Warranty—Breach—Notice—Sufficiency—Affidavit of defense—Sales Act of May 19, 1915, sec. 15.*

In an action to recover the price of a carbide generator, sold upon a written contract, where the contract as set forth shows that the plaintiff, vendor, agreed to furnish a generator of good workmanship and to install it, there could be no doubt that the vendor

510      FARR et al., Appellants, *v.* ZENO.

Syllabus—Assignment of Error. [81 Pa. Superior Ct.

knew the purpose to be accomplished by the generator. An affidavit of defense, in such case, which averred that the plaintiff agreed to install an equipment capable of serving twenty-seven lights and that the generator did not serve its purpose, and would only operate five lights, is sufficient to prevent judgment for want of a sufficient affidavit of defense.

Under the provisions of the Sales Act of May 19, 1915, P. L. 543, section 15, where the seller knows the particular purpose for which the goods sold are required, and it appears that the buyer relies on the seller's skill or judgment, there is an implied warranty that the goods shall be reasonably fit for the purpose. While the seller is entitled to notice of the alleged defect in the goods, and an affidavit of defense setting up a breach of such warranty should state when the defect was discovered, and how and when notice thereof was given, such particularity is not necessary, if it appears that the plaintiff attempted to remedy the defect.

Argued April 10, 1923. Appeal, No. 14, April T., 1923, by plaintiffs, from judgment of C. P. Indiana Co., Sept. T., 1921, No. 311, discharging rule for judgment for want of a sufficient affidavit of defense, in the case of Edward B. Farr, H. Stanley Harding, Floyd W. Kellogg, Cory R. Vaughn and Case T. Vaughn, a partnership, trading and doing business under the firm name of Pennsylvania Sales Company v. Frank Zeno. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover price of goods sold on contract. Before LANGHAM, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Plaintiffs appealed.

*Error assigned* was the order and judgment of the court.

*L. E. Miller,* for appellants.


*E. E. Creps,* for appellee.


OPINION BY TREXLER, J., July 12, 1923:

The plaintiff brought suit to recover the price of a carbide generator, fixtures and fittings sold to the defendant under a written contract. This contract contained a provision that it could not be altered or modified except by an agreement in writing between the purchaser and the seller. The plaintiff agreed to furnish the generator and to install it. An affidavit of defense was filed in which the defendant avers that the plaintiff at the time defendant purchased the generator, asserted that it would only consume 300 pounds of carbide a year, whereas it consumed 1,800 pounds in four months, and that the large amount of carbide required was due to the careless and improper installation of the system or its defective character and that of the twenty-seven lights comprised in the system only five were in operation and those only for a short period of each day. The defendant gave notice of the defect to the plaintiff who tried to eliminate it, but failed to do so, and after such failure, it was told to remove the system from the premises.

The learned judge of the court below declined to enter judgment for the plaintiff and we think rightly so. It is true there was not sufficient allegation in the affidavit of defense to sustain the varying of the terms of the written contract by a contemporaneous verbal agreement, see Wright v. General Carbonic Company, 271 Pa. 332. There is enough in the contract set forth in plaintiff's statement to cast upon it the duty not only to furnish a generator of good workmanship, but also to install it. There can be no doubt that the plaintiff knew the purpose to be accomplished by the generator when installed. The affidavit of defense alleges that the system did not perform its purpose and that only five lights, as noted above, could be operated. Under the Sales Act of May 19,

Opinion of the Court.    [81 Pa. Superior Ct.
1915, section 15, paragraph 1, P. L. 543, "where a buyer,
expressly or by implication, makes known to the seller
the particular purpose for which the goods are required,
and it appears that the buyer relies on the seller's skill
or judgment (whether he be the grower or manufacturer
or not), there is an implied warranty that the goods
shall be reasonably fit for such purpose." We think the
defendant has a right to go to trial before a jury and to
prove, if he can, that the generator he bought, was im-
properly installed by the plaintiff and in consequence,
did not reasonably fit the purpose for which it was
bought. Under the Sales Act the seller must be advised
of the defect after the buyer "ought to have known" and
under Wright v. General Carbonic Company, supra, the
affidavit of defense should designate when the discovery
of the defect in quality was made and when and how
notice of the fact was given to the seller, but we think the
averment that the notice given by the defendant to the
plaintiff was followed by an attempt on its part to rem-
edy the defect would supply the want of an allegation as
to how the notice was given. That he acted upon such a
notice is evidence that he received it.

The assignments of error are overruled. The appeal is
dismissed without prejudice. The appellant to pay the
costs.