# York Heating and Ventilating Company, Appellant, *v.* Flannery.

*Sales—Contracts—Contract for the furnishing and erection of a heating system—Scope—Affidavit of defense—Insufficiency.*

In an action of assumpsit to recover the balance due under a

written contract for the furnishing and erection of a heating system, an affidavit of defense is insufficient, which presented no defense to the written contract, but averred that the heating system did not supply clean dry air as required by the defendant's business, it appearing that the contract contained no covenants that the heating system would supply heat of a particular humidity.

The transfer of the property in the material furnished being merely incidental to the construction of the heating system, the contract was a construction agreement and not a contract of sale.

Where the contract is a construction agreement and the furnishing of material and apparatus is merely incident thereto, the Sales Act, (Act of May 19, 1915, P. L. 543,) has no application.

Argued October 13, 1925. Appeal No. 104, October T., 1925, by plaintiff, from the judgment of C. P. No. 4 Philadelphia County, September T., 1924, No. 3734, in the case of York Heating and Ventilating Company, a corporation of the State of Pennsylvania, v. Edward F. Flannery, individually and trading as John N. Gill Construction Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover the balance due under a written contract for the furnishing and erecting of a heating system. Before AUDENREID, P. J., FINLETTER and McCULLEN, JJ.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The rule was discharged. Plaintiff appealed.

*Error assigned* was the order of the court.

*Winfield W. Crawford,* for appellant.—The rule should have been made absolute: Farr v. Zeno, 81 Superior Ct. 509; Griffin v. Metal Products Co., 264 Pa. 254; Lowry v. Roy, 238 Pa. 9; Williams v. Notopolos, 259 Pa. 469; Gianni v. Russell and Co., Inc., 281 Pa. 320.

*William A. Carr,* and with him *Sidney L. Krauss,*

for appellee.—The rule was properly dismissed: Wright v. General Carbonic Co., 271 Pa. 332.

OPINION BY KELLER, J., February 26, 1926:

This was an action in assumpsit to recover the balance due under a written contract for the furnishing and erection of a heating system for a new building being built by defendant for George W. Smith & Co. The contract price with certain admitted extras, was $18,380, of which all was paid but $2,198.75. The contract was entered into pursuant to a written proposal furnished by plaintiff to defendant and accepted by the latter, and provided that plaintiff should "provide and pay for all labor, material, transportation, erection, etc., necessary to complete and deliver complete all the necessary apparatus to form a blower system of heating as outlined in attached proposal under date of November 1, 1923." It described specifically the kind and style of fan, motor, pipe coil heater, air washer with pump and motor, reheater coils, condensation system, duct system and steam piping to be used; contained the usual clauses found in building contracts as to compliance with plans and specifications, diligent prosecution of the work, and the right of the defendant to employ additional labor on default of plaintiff in this respect, against assignment of the contract by plaintiff, requiring personal supervision of the work by a foreman and employes satisfactory to defendant, supervision of work by architect, etc.; and guaranteed that when the system as installed by plaintiff was operated in accordance with its instructtions, and the heater coils furnished with sufficient steam at eighty pounds pressure the average temperature in the offices would be not less than seventy degrees Fahrenheit and in the rest of the factory sixty degrees Fahrenheit, in zero weather. This was the only guarantee contained in proposal or contract.

To the plaintiff's statement of claim defendant filed an affidavit of defense and supplemental affidavit of defense, admitting the contract, the furnishing of all the materials and apparatus as set forth therein, the erection of the heating system according to the specifications in the proposal and the fulfillment of the guarantee as to the heating capacity of the plant; but denying liability for the balance remaining unpaid, because, it was averred, plaintiff knew that the plant was to be erected in the building of George W. Smith & Co., who were engaged in the business of manufacturing high class woodwork, victrola cases, radio cases, fine store fixtures and high class interior finish for buildings, requiring high class varnishing and polish; that plaintiff knew said George W. Smith & Co. were constructing said new plant because in the construction of their old plant they had not made sufficient provision for protection against dust and dirt resulting in damage to their finished products; that with this object in view plaintiff had designed for said George W. Smith & Co. a heating system for said new plant to be constructed by defendant under its contract with Smith & Co., which should exclude practically all air with the exception of the air that would enter into such plant through said heating system; that plaintiff had represented to said Smith & Co. and to defendant that the system so designed to be installed by it would furnish in addition to heat, washed air for ventilation and that this washed air would provide perfectly clean air in winter and cool fresh air in summer; and that in reliance upon such representation, the contract had been entered into, calling for the air washer included in the proposal of November 1, 1923. The affidavits further set forth that the system as installed did not provide clean *dry* air, but contained such an amount of moisture that it damaged the fine woodwork manufactured by Smith & Co. and caused

injury to the walls of the building by reason of the excessive humidity, resulting in damage to Smith & Co. in excess of the balance unpaid on the contract; and that said heating plant could not be operated so as to furnish such clean dry heat as was required in Smith & Company's woodworking plant without changes and alterations costing more than the balance unpaid under said contract.

The learned court below refused to enter judgment for want of a sufficient affidavit of defense, basing its action on the first exception to the 15th section of the Sales Act (Act of May 19, 1915, P. L. 543) which provides as follows: "Section 15. Subject to the provisions of this act and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows: First. Where a buyer, expressly or by implication, makes known to the seller, the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

We are of opinion that the Sales Act has no application to the contract in suit. That statute is an act relating to sales—since amended to include choses in action (Act of April 27, 1925, P. L. 310). It defines a sale of goods as an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price; and a contract to sell goods as a contract whereby the seller agrees to transfer the property in goods to the buyer for a consideration called the price. The contract in suit was in no sense a contract of sale. It was a construction contract. The transfer of property in the fan, motor, pipe coil heater, air washer, reheater coils, condensation system, duct

system and steam piping was but incidental to the main purpose which was the furnishing of labor and the assembly of material in the erection and construction of a heating system. It would be just as proper to call a contract for the construction of a building a sale of the stone, brick, cement, wood, etc., which entered into the erection of the building. This plaintiff took specified materials and apparatus, manufactured and supplied by various dealers, and by assembling them and connecting them into a system designed by its engineers constructed a new and different unit, a completed heating system. The operation was one of building, or construction, not of sale, within the meaning of the Sales Act aforesaid. Where a dealer sells a machine or similar apparatus and the setting up or installation is but incidental to the sale, as in Farr v. Zeno, 81 Pa. Superior Ct. 509, the Sales Act applies; but where as here the contract is really a building or construction agreement and the furnishing of material and apparatus is merely an incident thereto, the Sales Act has no application.

We have then a written contract for a heating system, guaranteeing the temperature which it will maintain under certain conditions, but containing no covenants, representations or warranties as to the humidity of the air; no allegation that any such representations were omitted from the contract by fraud, accident or mistake. The rule applies that the written agreement must be held to be the entire contract between the parties, since the subject of the alleged oral representations would naturally and normally be included within the terms of the heating contract, if they had been intended to form part of the agreement between the parties. As was well expressed in Gianni v. Russell & Co., 281 Pa. 320, 324, the latest leading case of our Supreme Court on the subject: "If they relate to the same subject-matter and are so interre-

lated that both would be executed at the same time, and in the same contract, the scope of the subsidiary agreement must be taken to be covered by the writing."

As the defendant in its affidavits presented no defense to the written contract it follows that the plaintiff was entitled to judgment for want of a sufficient affidavit of defense.

The assignment of error is sustained and the record is remitted to the court below with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.