Fox *v*. A. Blumberg & Bro., Inc., Appellant.

Submitted December 11, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*P. B. Roads,* for appellant.—Mutuality of obligation is an essential element of every enforceable agreement: Weston Paper Manufacturing Co. v. Downing Box Co., 293 Fed. 725; Iron City Laundry Co. v. Leyton, 55 Pa. Superior Ct. 93.

On a rule for a judgment for want of a sufficient affidavit of defense the facts averred in the affidavit are taken to be true, and every doubt is to be resolved in favor of the defense: Brodsky v. Bell, 79 Pa. Superior Ct. 36; Peerless Electric Co. v. Call, 82 Pa. Superior Ct. 550; Rubinsky v. Kosh, 296 Pa. 285.

*Ralph B. Bashore,* for appellee.—Mutuality does not require that the parties have the same remedies against each other: Grove v. Hodges, 55 Pa. 504.

The affidavit of defense must set forth the facts upon which the defense rests: Bethlehem Steel Co. v. Topliss, 249 Pa. 417; Biernbaum v. Foster, 48 Pa. Superior Ct. 599; Berko v. Kemper Construction Co., 65 Pa. Superior Ct. 589.

OPINION BY KELLER, J., January 29, 1930:

In the briefs submitted in this case the Sales Act of 1915, P. L. 543, is discussed at considerable length. It is not involved. The plaintiff sold no shirts to the defendant. The contract between the parties did not provide for a sale by the plaintiff or a purchase by defendant. The defendant agreed to furnish the plaintiff with certain materials, which the latter was to manufacture into shirts, and redeliver, packed and laundered, to defendant, being paid for his work and labor according to a schedule of compensation attached. The contract called for the manufacture of 2,600 dozens of shirts per month during eight months of the year, and 2,200 dozens per month for the remaining four months; and provided for the payment by one party to the other of fifty cents per dozen shirts, as liquidated dam-

ages, in case of a failure on the part of the defendant to deliver material, or of the plaintiff to manufacture shirts, in the above quantities for four successive weeks. This action was brought to recover the liquidated damages alleged to be due the plaintiff, as per the contract, by reason of the failure of defendant to deliver material in the quantities specified, plus some other incidental expenses. The special provisions of the Sales Act are not applicable: York Heating Co. v. Flannery, 87 Pa. Superior Ct. 19. The case is governed by the usual rules applicable to contracts. The defendant paid plaintiff the scheduled compensation for all shirts manufactured and delivered to it. Its defense by way of counterclaim to this action is that certain of the shirts manufactured and delivered by plaintiff under the contract and paid for by it were not made in a good and workmanlike manner or with proper economy in the use of materials. Complaints of this character, in order to form a basis of claim, must be made with reasonable promptness, so that the other party may have opportunity for an examination into the alleged defects, needful for a decision whether to submit or defend, and to prepare for a defense if he finds the complaint to be unfounded. The affidavit of defense fails to set up any notice of the alleged defects or complaints regarding them until the filing of the affidavit, or nearly three years after the termination of the contract. It is too late.

Nor is there any merit in the claim of want of mutuality under the contract. So far as the record shows the contract may have been prepared by the defendant. In any event it was not unfair or illegal for the parties to agree that the defendant should make delivery of the materials to be furnished by it to the plaintiff at the railroad station at Pine Grove, Pa., and that the shirts to be manufactured by the plaintiff should be delivered to defendant at the factory. If

that required examination and inspection as to their workmanship by the defendant prior to their removal it was nevertheless within the power of the parties so to provide.

The judgment is affirmed.