Harwood, to use, Appellant, *v.* Bruhn et ux.

Argued November 29, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

338

*Jacob Weinstein*, with him *I. Irwin Jackson*, for appellant.

*Joseph First*, for appellee.

OPINION BY MR. JUSTICE SIMPSON, January 2, 1934:

As authorized by section 28 of the Act of February 24, 1806, 4 Sm. Laws 270, 278, the prothonotary of the court below, on the application of plaintiff, and without the filing of an averment of default, entered judgment against defendants for the amount specified in a bond and warrant of attorney executed by them and belonging to plaintiff. Claiming that the warrant gave no authority for the entry of a judgment unless there was a default on defendants' part at the time of its entry, and moreover that the fact of default must be averred of record at that time, defendants moved to strike off the judgment, and to dissolve the attachment and set aside the fi. fa. which had been issued on the judgment. At no time was any other objection made to the judgment or the proceedings on it, but, solely because of those stated, the court below made the rule absolute. Plaintiff thereupon appealed. The order must be reversed.

The writing, out of which this contest arises, contains the following language: "AND PROVIDED FURTHER, however, and it is thereby expressly agreed [i. e.,

in the bond accompanying the warrant] that *if at any
time thereafter, by reason of any default* in the mainte-
nance of said insurance, or in payment either of said
monthly installments of principal at maturity or of said
interest, or in production of said receipts for taxes and
water rates within the time specified, a writ of fi. fa. is
properly issued upon the judgment obtained upon said
obligation, or by virtue of this warrant, or a writ of scire
facias is properly issued upon the accompanying inden-
ture of mortgage, an attorney's commission for collec-
tion, viz.: five per cent shall be payable, and shall be
recovered in addition to all principal and interest then
due, besides costs of suit. These are to desire and au-
thorize you, or any of you, to appear for us, our heirs,
executors or administrators, in the said court or else-
where, in an appropriate form of action there or else-
where brought or to be brought against us, our heirs,
executors, administrators or assigns, on the said obliga-
tion, as of any term or time past, present, or any other
subsequent term or time there or elsewhere to be held,
and confess judgment thereupon against us, our heirs,
executors or administrators, for the sum of sixteen thou-
sand dollars lawful money of the United States of Amer-
ica, debt, besides costs of suit, and an attorney's com-
mission of five per cent in case payment has to be
enforced by process of law as aforesaid, by non sum in-
formatus, nihil dicit, or otherwise, as to you shall seem
meet: And for your, or any of your so doing, this shall
be your sufficient warrant. And we do hereby for our-
selves, our heirs, executors and administrators remise,
release, and forever quitclaim unto the said obligee, his
executors, administrators and assigns, all and all man-
ner of errors, misprisions, misentries, defects and im-
perfections whatever, in the entering of the said judg-
ment, or any process or proceedings thereon or thereto,
or anywise touching or concerning the same."

The argument of defendants and the opinion of the
court below are based entirely upon the foregoing itali-

cized words: "if at any time thereafter, by reason of any default." It will be noticed, however, that those words —and this is true also of others which precede them— are, as is usual in warrants of attorney, simply a recital of a part of the bond, and do not refer to the authority to confess judgment; nor are they, or anything akin thereto, specified in the language authorizing the entry of the judgment—all of which is quoted above in the sentence following that containing the italicized words. In determining whether or not it was necessary that a default should exist and be averred before judgment could be entered, the whole of the sentence containing those italicized words, including the words themselves, must be omitted from consideration, because it is not a part of the warrant authorizing the entry of the judgment. This being so, admittedly there was nothing in the warrant requiring that a default should exist before a judgment could be entered on it.

The authorities cited and relied upon by the court below were all cases in which the right to enter judgment was expressly limited to cases of default. In Jordan v. Kirschmer, 94 Pa. Superior Ct. 252, it was held that a "Judgment entered pursuant to a warrant of attorney contained in a lease authorizing the confession of judgment in case of default, was properly stricken off where no averment of default was filed." In Advance-Rumely Thresher Co. v. Frederick, 98 Pa. Superior Ct. 560, the lease provided that if defendant failed "to settle for the hire" of the machine for which the lease was given, "then, in that event, lessee......empowers any attorney...... of any court of record......to appear for him and...... confess judgment against him." The confession of judgment was held bad because there was no averment that defendant had failed "to settle for the hire" of the machine. In Kolf v. Lieberman, 282 Pa. 479, it was decided that "Where a warrant in a bond authorizes an attorney of record to enter judgment 'after default,' fail-

ure to aver default on entry of a judgment is fatal, and the judgment will be stricken off."

On the other hand, in Pacific Lumber Co. v. Rodd, 287 Pa. 454, it is said: "In the absence of some restriction in a judgment note upon the right to enter judgment until some specific default, there is no reason why the judgment given as security in a fixed sum may not be made a matter of record, although no money is then payable. Under such circumstances, an allegation as to the amount due at the time of filing, cannot be required." And therein, at page 458, Kolf v. Lieberman, supra, is expressly distinguished because in it there was such a restriction. It follows that the court below erred in striking off the judgment, and in dissolving the attachment sur judgment and setting aside the fi. fa.

Pending the appeal to this court and after the certiorari was filed in the court below, defendants took a rule for security for costs, which the court below made absolute; and this, too, is assigned as error, and is error. What we have said above disposes of this matter also. A rule for security for costs is an application for security, as against a nonresident plaintiff, based upon defendant's averment that he has a full and just defense against plaintiff's right to recover judgment. Here, however, we have held that plaintiff has a judgment which is incontestable.

Moreover, as we said in Gilbert v. Lebanon Valley Street Ry. Co., 303 Pa. 213: "At common law a court of first instance is without jurisdiction to proceed with a cause after the record thereof has been removed to an appellate court. This rule still applies in the absence of a statute providing otherwise." Here, there is no such statute. So, also, we said in Ewing v. Thompson, 43 Pa. 372, 376: "The effect of that writ [certiorari] was to stay further proceedings in the court below, and to remove the record of the case into this court. That such is the effect of a certiorari, except in cases where the legislature has made a different rule [which here it has

not], is the doctrine of all our cases. It is not itself a writ of supersedeas, but it operates as one by implication. Originally in fact, and now always in theory, at least, it takes the record out of the custody of the inferior court, and leaves nothing there to be prosecuted or enforced by execution. Very many of the English as well as the American authorities are collected in Patchin v. The Mayor of Brooklyn, 13 Wend. 664. There are many others, all holding a common law writ of certiorari, whether issued before or after judgment, to be, in effect, a supersedeas. There are none to the contrary. In some of them it is ruled that, action by the inferior court, after the service of the writ, is erroneous; in others it is said to be void, and punishable as a contempt. They all, however, assert no more than that the power of the tribunal to which the writ is directed is suspended by it; that the judicial proceeding can progress no further in the lower court." It is also so held in Com. ex rel. v. Kistler, 149 Pa. 345, and in First Nat. Bank v. Fair, 72 Pa. Superior Ct. 457, 460, and it is still the law.

The order of the court below striking off the judgment, dissolving the attachment and setting aside the fi. fa. in this case is reversed and set aside at the cost of appellees, as is also the rule for security for costs and all proceedings incident thereto.