## Fisher Estate

*Hillegass & Moran*, for accountant.

*Thomas F. Doran* and *Virginia Funk*, for petitioner.

TAXIS, P. J., June 25, 1957.—On May 24, 1957, Evelyn M. Sperlbaum filed her "Petition For Citation To Show Cause Why Executor Should Not Make Distribution To Residuary Legatee", and on the same date this court granted a rule returnable June 21, 1957, at 10 a.m. in the orphans' court.

The petition avers that Evelyn M. Sperlbaum is a residuary legatee under the will of Evelyn M. Fisher, and that the account filed by the executor shows that the principal amount remaining for distribution under the will after payment of all debts and costs of administration is $124,091.61. The substance of the other averments is that the residuary legatee is entitled to

a substantial legacy, that she is in need at the present time and asks this court to direct the executor to make an advance distribution of $40,000 forthwith on account of her residuary gift.

On June 21, 1957, the return day of the rule to show cause, counsel for the accountant appeared and asked for a two weeks continuance on the ground that they were unable to prepare an answer at this time to the petition. This request for continuance was opposed by Virginia Funk, Esq., counsel for Evelyn M. Sperlbaum, petitioner.

At that time the court expressed its view that since a writ of certiorari previously had been lodged with the clerk of the orphans' court on April 17, 1957, by the said Evelyn Sperlbaum, in which she had appealed to the Supreme Court from a previous order in this estate, in a controversy unrelated to the present matter, that this writ of certiorari removed the entire record to the appellate court for action in her appeal, and that such a writ of certiorari and removal of the record was a stay of all proceedings in this court, rendering this court powerless and without jurisdiction to pass upon the present petition.

Counsel for petitioner, however, contended that: "Since the appeal in the present case relates to matters other than the legacy and the outcome of the appeal cannot diminish the amount to which the account was filed (sic) shows the petitioner to be entitled, the pendency of the appeal affords no basis for the further delay in payment to the petitioner of the amount requested".

The answer to this argument, however, is, that the Supreme Court has concluded that an appeal and removal of the record to it in response to the writ is a stay of all proceedings, and that a lower court has no power or jurisdiction to decide controversies or grant requests of the parties involving such record in these

circumstances. Such rule, that removal of a record upon writ of certiorari is a stay of proceedings, has an important basis in fact and in logic. The Supreme Court, in passing upon the issues presented to it, is entitled to have before it the whole record and should not be burdened with the responsibility of being appraised of any proceeding subsequent thereto in the lower courts. In other words, the Supreme Court should not have to ascertain the status of the record when it comes to dispose or determine the issues presented to it by an appeal.

The prayer of the petition asks that the accountant make a distribution prior to confirmation of his account. Such distribution would be "at his own risk": Section 732 of the Fiduciaries Act of April 18, 1949, P. L. 512. Moreover, petitioner's request for such risk distribution is made at a time when the accountant is faced with an appeal to the Supreme Court on objections to his account, is also confronted with a petition to dismiss the surviving husband's election to take against the will, and with the pendency of an appeal from probate of the will. In this setting it is clear that before directing the executor to make such a risk distribution a ruling on the present petition would require a consideration of all these matters involving the record in this estate.

After argument on June 21, 1957, the court was inclined to continue the matter for two weeks to afford an opportunity to study the petition and arguments advanced before making a ruling. The matter was then continued to July 12 (three weeks) instead of July 5, because Virginia Funk, Esq., counsel for petitioner, advised the court that she would not be available on July 5, 1957.

Upon immediate study, however, the court has concluded that it lacks power and jurisdiction to act upon the prayer of the petition: Harwood v. Bruhn, 313

Pa. 337, 341, 1934; McFadden Estate, 3 Fiduc. Rep. 588 (1953). In light of this conclusion it is felt that no useful purpose would be served by continuing this matter to July 12, 1957, as originally set. Therefore, it is directed that the petition be returned to the clerk of the orphans' court for filing, without prejudice on the part of petitioner to reapply for hearing or consideration thereof upon return of the record to this court by the Supreme Court.

And now, this June 25, 1957, the within petition is returned to the clerk of the orphans' court without prejudice, and with instructions to file the same to abide the determination of the issues presently pending before the Supreme Court and the return of that record to this court, as set forth in the foregoing opinion.