Commonwealth, Appellant, *v.* Fisher.

Argued November 14, 1958. Before RHODES, P.J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

*Frederick O. Brubaker,* District Attorney, with him *Peter F. Cianci,* Assistant District Attorney, for appellant.

*C. Wilson Austin,* with him *Samuel R. Liever,* for appellee.

OPINION BY WRIGHT, J., March 18, 1959:

On May 27, 1958 William H. Fisher was indicted on a charge of abortion, the alleged victim being one Barbara Ann Snyder. At the trial before the Court of Quarter Sessions of Berks County commencing September 15, 1958, Barbara Ann Snyder was called as a witness for the Commonwealth. Claiming the privilege against self-incrimination, she refused to testify. Thereupon, September 16, 1958, she was held in contempt and committed to prison. Dolores Jean Snyder, sister of Barbara Ann, was also called as a Commonwealth witness with the same result. The trial was then recessed until September 17, 1958. Barbara Ann and Dolores Jean immediately appealed to this court, and we directed that the appeals act as a supersedeas. On September 17, 1958, over the objection of Fisher's counsel, the trial was recessed until September 18, 1958. On that date the district attorney presented a certified copy of our order granting supersedeas, and

moved that a juror be withdrawn and the case continued. Again over the objection of Fisher's counsel, the trial was recessed until September 22, 1958. On that date, the motion of the district attorney was overruled. The Commonwealth then rested. Counsel for Fisher promptly filed a demurrer to the evidence. The trial judge thereupon entered an order sustaining the demurrer and directing that Fisher be discharged. The Commonwealth has appealed.

Appellant raises only one question on this appeal, as follows: "Did the lower court act properly when it proceeded with the trial after all records in the case were certioraried to the Superior Court in connection with the appeals of the two chief Commonwealth witnesses from summary contempt convictions arising out of their refusal to testify?"

Appellee contends that, since this question was not raised in the court below, appellant may not advance it here. The rule that questions not raised in the court below will not be reviewed on appeal has been repeatedly stated: *Commonwealth ex rel. DeSimone v. Maroney,* 179 Pa. Superior Ct. 300, 116 A. 2d 747; *Commonwealth v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530. However, this rule has been relaxed under special circumstances: *Commonwealth v. Savor,* 180 Pa. Superior Ct. 469, 119 A. 2d 849. The basic question presented by this appeal does not warrant summary dismissal. Cf. *Commonwealth v. Helwig,* 184 Pa. Superior Ct. 370, 134 A. 2d 694.

Appellant relies principally on *Harwood v. Bruhn,* 313 Pa. 337, 170 A. 144, wherein it was held that a court of first instance is without jurisdiction to proceed with a cause after the record thereof has been removed to an appellate court. See also *Gilbert v. Lebanon Valley Street Ry. Co.,* 303 Pa. 213, 154 A. 2d 302. The writ of certiorari issued by the appellate court acts

to stay further proceedings by requiring the lower court to transmit the "record in the cause or matter wherein is entered the sentence, order, judgment or decree appealed from": Act of May 19, 1897, P. L. 67, 12 P.S. 1134. It is important to note that, so far as the case of *Snyder Appeal*, 189 Pa. Superior Ct. 13, 149 A. 2d 666, was concerned, our writs issued as the result of the appeals of Barbara Ann and Dolores Jean Snyder directed that there be certified to this court only the record and proceedings touching the "Order of Commitment". This circumstance was recognized by Judge HESS of the court below in his dissenting opinion wherein he states (italics supplied): "By order of the appellate court, a *portion* of the record was ordered transmitted to the appellate court". As a matter of actual fact, the record was not certified until September 30, 1958. There was nothing to hinder the district attorney from proceeding with other witnesses. His difficulty was that he had none, and so conceded.

While we have no intention of questioning the rule enunciated in *Harwood v. Bruhn*, supra, 313 Pa. 337, 170 A. 144, we consider that the unique facts of the instant case present a situation not controlled thereby. Otherwise, as vigorously argued by counsel for appellee, the filing of an appeal by a witness would automatically halt the trial in the lower court, no matter how many days or weeks had been spent thereon and regardless of the expense involved or the serious nature of the issues. We have not found, nor has reference been made to, a single case which supports the Commonwealth's contention that the appeal of a witness from a sentence of contempt affects the orderly progress of a trial in which the witness was not a party.

Appellant suggests that, assuming arguendo "that the Trial Court had authority to proceed with the

cause . . . the Trial Court committed an abuse of discretion in not withdrawing a juror and continuing the case". Passing appellee's contention that the Commonwealth may not appeal, we answer this suggestion in the following words of Judge READINGER: "This Court is of the opinion that under certain circumstances a trial judge may in his discretion withdraw a juror in the interest of justice on the application of either party. However, in the instant case, the Court was also of the opinion that the interest of justice did not require or warrant the declaration of a mistrial in the expectation that the recalcitrant witnesses might at a later date decide to testify. This event might never have come to pass as the witnesses could have chosen to accept whatever punishment might be imposed upon them by the Court for their refusal to testify, rather than furnishing the testimony necessary to seek a conviction of the defendant".

The test to be applied to the validity of a demurrer is whether the evidence produced and inferences reasonably drawn therefrom would support a verdict of guilt: *Commonwealth v. Kocher*, 162 Pa. Superior Ct. 605, 60 A. 2d 385. A reading of the testimony in this record does not even reveal appellee's name. Indeed, it does not disclose that a crime was committed in Berks County by this appellee or any one else. The proof offered was clearly insufficient to warrant a conviction, and the demurrer was properly sustained.

Order affirmed.