Commonwealth ex rel. Dustin, Appellant, *v.* Hiepler.

514

Submitted April 10, 1967.   Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*William C. Beatty,* for appellant.

*David J. Natale,* and *ReDavid, Orlowsky, Maffei & Natale,* for appellee.

OPINION BY WRIGHT, J., April 21, 1967:

On August 10, 1966, Phyllis Dustin filed in the Court of Common Pleas of Delaware County a petition against her former husband, Marvin Hiepler, requesting custody of their five-year old daughter, Marlys Hiepler. The child was then in Media in her father's custody by virtue of an order of the Superior Court of Maricopa County, Arizona, which order had been entered as part of a decree awarding the husband a divorce. On August 16, 1966, testimony was taken before President Judge SWENEY. On August 17, 1966, an order was entered that custody of the child be given to the mother from that date until September 7, 1966, for the purpose of visitation. On September 26, 1966, the mother took the instant appeal. Our certiorari was filed in the court below on September 27, 1966.

On November 10, 1966, a decree was entered by the lower court awarding custody to the father and granting the mother the right of visitation for one month each summer. Because of the pendency in this court of the appeal of September 26, 1966, the court below did not have jurisdiction to enter this decree. A court of first instance cannot further proceed with a cause after it has been served with a writ of certiorari issued by an appellate court: *Commonwealth ex rel. Podvasnik v. Podvasnik,* 198 Pa. Superior Ct. 107, 181 A. 2d 843; *Corace v. Balint,* 418 Pa. 262, 210 A. 2d 882. Moreover, in view of the fact that the order of August 17, 1966, was complied with and the child was returned to the father in Media, the appeal of September 26, 1966, which is the only matter before us, has become moot. We therefore enter the following order:

The decree of the court below dated November 10, 1966, is vacated without prejudice, and the instant appeal is quashed.