## DeMatteo et al., Appellants, *v.* White, et al.

Argued November 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Pollins, III,* with him *James R. Gaut,* and *Hammer & Pollins,* for appellants.

*George A. Kotjarapoglus* and *P. Rega,* with them *George W. Lamproplos,* and *Cassidy & Lamproplos,* and *Melvin B. Bassi,* and *Bassi and Rega,* and *John D. Lyons, Jr.,* for appellees.

OPINION BY PRICE, J., March 31, 1975:

This appeal follows the entry on February 28, 1974, of judgments on the pleadings in favor of appellees, Domer White (White) and John Doe, t/d/b/a J. N. Rega Supply Company (Rega) ; and the August 7, 1974, entry in favor of appellee, Haines Brick, Inc. (Haines) of judgment on the pleadings. The sole issue to be decided is whether the provisions of the Sales Article of the Uniform Commercial Code[1] (U.C.C.) apply to the transactions which gave rise to the instant appeal.

To determine whether a judgment on the pleadings was appropriately entered, we must treat the motion as we would a preliminary objection in the nature of a demurrer. *Evans v. Marks,* 421 Pa. 146, 218 A.2d 802 (1966). "On such a motion the Court must accept as true —even though denied—averments of fact by the opposing party which are material and relevant; but inferences and conclusions which are drawn from and erroneously interpret a written instrument which is part of the record are not admitted, nor are conclusions of law." *London v. Kingsley,* 368 Pa. 109, 111, 81 A.2d 870, 871 (1951).

---

1. Act of April 6, 1953, P.L. 3, §2-101, eff. July 1, 1954. Reenacted Act of Oct. 2, 1959, P.L. 1023, §2, eff. Jan. 1, 1960 (12A P.S. §2-101) *et seq.*

Judgment on the pleadings should be entered only where the right is clear and free from doubt, and where no substantial issues of fact are raised. *Miami National Bank v. Willens,* 410 Pa. 505, 190 A.2d 438 (1963).

Accepting the facts as stated in appellants' separate counts to the complaint,[2] *Evans v. Marks, supra,* we find that the three appellants executed separate contracts with appellee, White, for the construction of their separate residences. Surface brick manufactured by Haines, and sold to each appellant by Rega, formed the exterior wall of each of the three houses. The brick was subsequently found to be defective. The following table will summarize the relevant dates:

| Appellant | Date of contract with Appellee, White | Date of delivery of brick manufactured by appellee, Haines, and sold by appellee, Rega | Date of discovery of defect | Date Complaint filed |
|---|---|---|---|---|
| Jerry DeMatteo & Marie DeMatteo (Count I) | July 20, 1965 | Fall of 1965 | Spring of 1967 | Mar. 16, 1972 |
| Jack R. Howells & Gayle L. Howells (Count II) | March, 1966 | July 30, 1966 | Spring of 1967 | Mar. 16, 1972 |
| Steve J. Solinski & Dolores M. Solinski (Count III) | Sept. 20, 1966 | Jan. of 1967 | Spring of 1968 | Mar. 16, 1972 |

In separate counts of the complaint, each appellant alleged that in the spring following the first winter that their respective houses had been completed, they discovered that the outside surface brick manufactured by Haines and sold to them by Rega had broken and spalled,

---

2. Appellants joined in a three-count complaint in assumpsit filed at No. 920 January Term, 1972, in Westmoreland County.

thus jeopardizing the structure, value, and attractiveness of their homes.

Following valid service of process, answers and new matter were filed by all appellees. None of the appellees raised the defense of the statute of limitations in the new matter. Appellants replied to the new matter, and the case was listed for trial in October, 1973. Immediately prior to trial, on September 21, 1973, White and Rega requested leave to amend their new matter. An order permitting the amendment was entered over appellants' objections. The amended new matter raised the defense of the four-year statute of limitations provided by §2-725 of the U.C.C. Haines did not join the amendment, file new matter, or appear at the hearing although it had received copies of the pleadings and notice of the hearing.

On October 23, 1973, White and Rega filed a motion for judgment on the pleadings. On December 14, 1973, without leave of court and without pleading the bar of the statute of limitations, Haines also requested judgment on the pleadings. The court en banc granted judgment on behalf of White and Rega on February 28, 1974, and noted that Haines had presented no defense which would warrant judgment in its favor.

Notice of certiorari issued by this court was received by the lower court on April 3, 1974. On July 17, 1974, Haines withdrew its motion for judgment on the pleadings and requested leave to file amended new matter raising the statute of limitations. This request was granted over appellants' objections, and the amendment and new request for judgment on the pleadings were filed. In order to expedite the pending appeal, the court en banc granted the motion for judgment on the pleadings, on August 17, 1974, and overruled appellants' objections. This appeal contests the entry of the judgments entered against appellants in favor of all three appellees.

The lower court based its entry of judgment for appellees on its finding that the suit was governed by

the Sales Article of the U.C.C., and therefore, that the four-year statute of limitations provided at §2-725 barred the suit.

Section 2-725 provides in relevant part: "(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it. (2) A cause of action accrues when the breach occurs regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. . . ."

In order to determine whether the lower court properly determined that the actions were barred, we must examine each appellee's role in the construction of appellants' residences, in light of the purposes of the Article on Sales.

Section 2-102 provides: "Unless the context otherwise requires, this Article applies to *transactions in goods;* it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction nor does this Article impair or repeal any statute regulating sales to consumers, farmers or other specified classes of buyers." [Emphasis added]

A transaction in goods, or a contract or agreement pertaining thereto, is defined at §2-106(1): "In this Article unless the context otherwise requires 'contract' and 'agreement' are limited to those relating to the *present or future sale of goods.* 'Contract for sale' includes both a present sale of goods and a contract to sell goods at a future time. *A 'sale' consists in the passing*

*of title from the seller to the buyer for a price* (Section 2-401). A 'present sale' means a sale which is accomplished by the making of the contract." [Emphasis added]

## APPELLEE, WHITE

Each appellant entered into a contract which provided that Domer White would construct a residence in exchange for a consideration. It was White's duty under the contract to provide the highest quality materials and to use those materials in the construction of the house. However, there was no agreement between appellants and White which provided for a sale of the "raw materials" (bricks, roofing tile, plaster, etc.) as such. The contract provided for the construction of a building, not for the sale of goods as recognized by the U.C.C.

In a case involving the application of the Uniform Sales Act, on which the U.C.C. Article on Sales was based, to a construction contract, this court stated: "We are of opinion that the Sales Act has no application to the contract in suit. That statute is an act relating to sales—since amended to include choses in action (Act of April 27, 1925, P.L. 310). It defines a sale of goods as an agreement whereby the seller transfers the property in goods to the buyer for a consideration called the price; and a contract to sell goods as a contract whereby the seller agrees to transfer the property in goods to the buyer for a consideration called the price. *The contract in suit was in no sense a contract of sale. It was a construction contract.* The transfer of property in the fan, motor, pipe coil heater, air washer, reheater coils, condensation system, duct system and steam piping was but incidental to the main purpose which was the furnishing of labor and the assembly of material in the erection and construction of a heating system. It would be just as proper to call a contract for the construction of a building a sale of the stone, brick, cement, wood, etc., which entered into the erection of the building. *This plaintiff*

*took specified materials and apparatus, manufactured and supplied by various dealers, and by assembling them and connecting them into a system designed by its engineers constructed a new and different unit, a completed heating system. The operation was one of building, or construction, not of sale,* within the meaning of the Sales Act aforesaid. Where a dealer sells a machine or similar apparatus and the setting up or installation is but incidental to the sale, as in Farr v. Zeno, 81 Pa. Superior Ct. 509, the Sales Act applies; but where as here the contract is really a building or construction agreement and the furnishing of material and apparatus is merely an incident thereto, the Sales Act has no application." [Emphasis added] *York Heating and Ventilating Company v. Flannery,* 87 Pa. Superior Ct. 19, 23-24 (1926).

This court has also stated that "an oral contract relating to the completion of a building operation . . . was not a contract for the sale of goods or choses in action, within the purview of the Sales Act . . . but for the construction of a building, to which the furnishing of materials was merely incidental to the main purpose." *Lekovicz v. Gobbie,* 91 Pa. Superior Ct. 33, 34 (1927).

We hold that the contracts between appellants and Domer White did not provide for a "sale" as that term is used in the U.C.C. Article on Sales. Consequently, this transaction is not governed by the four-year statute of limitations of §2-725, but rather by the general six-year limitations period for breach of contract.[3] *Cf. Robert E. Lamb, Inc. v. Delaware Pipe Fabricators, Inc.,* 42 D. & C. 2d 461 (1967). Because the six-year period begins to run from the date when the breach or negligence could reasonably have been discovered, *Ashley v. Lehigh & Wilkes-Barre Coal Company,* 232 Pa. 425, 81 A. 442 (1911); *Robert E. Lamb, Inc. v. Delaware Pipe Fabricators, Inc., supra,* the action was timely filed. The judgment on the pleadings in favor of White must be vacated,

---

3. Act of March 27, 1713, 1 Sm. L. 76, §1 (12 P.S. §31).

and the appellants given the opportunity to prove the alleged breach.

## APPELLEE, REGA

The only relationship between appellants and Rega was that of buyers and seller of bricks. This relationship, as admitted by appellants, is governed by the U.C.C. Article on Sales. Since more than four years passed between the respective purchases from Rega and the alleged breach of warranty, the entry of judgment on the pleadings in favor of Rega was correct, and is affirmed.

## APPELLEE, HAINES

As the facts reveal, Haines made no effort to amend its pleadings or to obtain judgment thereon until after the writ of certiorari was issued by this court. Nor was judgment entered on Haines' motion and amended new matter until more than four months after the lower court received notice of certiorari on April 3, 1974. It is well settled that a court of first instance cannot further proceed with a cause after it has been served with a writ of certiorari issued by an appellate court. *Corace v. Balint*, 418 Pa. 262, 210 A.2d 882 (1965) ; *Commonwealth ex rel. Dustin v. Hiepler*, 209 Pa. Superior Ct. 513, 228 A.2d 671 (1967). The judgment entered on August 17, 1974, in favor of Haines is a nullity and is, therefore, vacated.

The lower court acted for a commendable purpose in entering judgment for Haines, which was to expedite this appeal. It is not clear whether consideration was given to whether Haines had waived the defense of the statute of limitations by its belated filing, *cf. Bellotti v. Spaeder*, 433 Pa. 219, 249 A.2d 343 (1969), nor the effect of unreasonable delay caused by Haines.

The judgment on the pleadings in favor of Rega is affirmed. The judgments on the pleadings in favor of White and Haines are vacated and the case remanded for trial on the merits.