## DeSanzo v. The Hertz Corp.

*Frank C. Lewis,* for plaintiff.
*Richard J. Mills,* for defendant.

ROWLEY, *J.,* February 11, 1976.—Defendant's motion for summary judgment, pursuant to Pa. R. C. P. 1035 presents the question whether the two-year statute of limitation contained in the Act of June 24, 1895, P. L. 236, sec. 2, 12 P S §34, or the

four-year statute of limitation contained in section 2-725 of the Uniform Commercial Code, Act of April 6, 1953, P. L. 3, 12A PS §2-725(1) ("code"), is applicable to plaintiff's cause of action. We have concluded that the two-year statute applies and, therefore, defendant's motion must be granted.

Plaintiff, in his written brief, characterizes his claim as follows:

"This action is brought in assumpsit against the defendant, The Hertz Corporation, based on plaintiff's claim that Hertz breached an implied warranty of merchantability and/or implied warranty of fitness for a particular purpose in the *leasing* of a specially equipped truck vehicle, and that the use thereof by *lessee* resulted in injuries to the plaintiff." (Emphasis supplied.)

In his complaint filed April 9, 1974, plaintiff alleges that on October 25, 1970, his employer, one William Geer, rented a Ford truck owned by defendant. The rental was under "Rental Agreement No. 481904767" attached by plaintiff to his amended complaint. Plaintiff, in his complaint, designates his employer as "the lessee" of the truck. Plaintiff further alleges that on October 25, 1970, while he was engaged in loading the truck, he sustained personal injuries because of a defective elevator mechanism attached to the truck. There appears to be no dispute that the transaction by which plaintiff's employer obtained possession of the truck was a bailment lease for hire. Defendant filed an answer and new matter raising the issue of the statute of limitations. Plaintiff filed an answer to defendant's new matter. Thereafter, on May 16, 1975, defendant filed its motion for summary judgment. There have been no depositions, answers to interrogatories or affidavits filed and the

matter, therefore, is before us solely on the pleadings. It is admitted by plaintiff that the complaint in this case was filed almost three and one-half years after the date that he sustained his injury.

Section 2 of the Act of 1895 provides that every action "brought to recover damages for injury wrongfully done to the person, . . . must be brought within two years from the time when the injury was done and not afterwards." Defendant claims that this statute bars plaintiff's action which was not brought within two years from the time he sustained his injury. In paragraph 17 of his answer to new matter, plaintiff claims that the applicable statute of limitations is six years. However, in his written brief and at the oral argument before the court in this matter, his counsel claimed that the applicable statute of limitations is the four-year limitation contained in section 2-725 of the Uniform Commercial Code. That section provides that:

"An action for breach of any *contract for sale* must be commenced within four years after the cause of action has accrued."

In Jones v. Boggs & Buhl, Inc., 355 Pa. 242, 49 A.2d 379 (1946), decided before the adoption of the Uniform Commercial Code, the court held that a suit for personal injuries was barred if not brought within two years whether it was in trespass or in assumpsit. The reason for the rule was stated as follows:

"Statutes of limitation are based on the necessity of ending litigation. As the legislature in the Act of 1895 declared two years a reasonable period in which to bring a suit to recover for personal injuries, the court should not extend that time by allowing a party to keep alive the right to sue by

electing to sue in one form of action instead of another."

The question now before us is whether that general rule has been changed by the Uniform Commercial Code in actions of assumpsit brought to recover damages for personal injuries caused by alleged breaches of implied warranties arising from a *bailment lease.*

In Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 197 A.2d 612 (1964), the court held that the legislature, in enacting the Uniform Commercial Code, had provided for a "four year period of limitation on all actions for breach of contracts *for sale,* irrespective of whether the damages sought are for personal injuries or otherwise": (Emphasis supplied.) In Salvador v. Atlantic Steel Boiler Co., 457 Pa. 24, 319 A.2d 903 (1974), the court held that a plaintiff-employe may maintain an action in assumpsit for breach of implied warranty for personal injuries sustained by him resulting from a breach of warranty which arose from a *sale* of goods by defendant to the plaintiff's employer.

However, defendant in the case before us argues that the four-year limitation is applicable *only* in a case where a "contract for sale" is involved and does not apply to warranties arising from a bailment lease such as existed in this case. With this contention, we are forced to agree. It is to be noted that the specific, clear and unambiguous language of the code says that an action for "breach of any contract *for sale*" may be commenced within the four-year period. It is clear from the pleadings and plaintiff's brief in this case that the transaction between plaintiff's employer and defendant did not involve a "sale" as that term is defined in the code. As already indicated, in both Gardiner v. Philadel-

phia Gas Works and Salvador v. Atlantic Steel Boiler Co., supra, the transaction involved a sale and, therefore, the four-year code limitation was held to apply. Likewise, in Sykes v. SEPTA, 225 Pa. Superior Ct. 69, 310 A.2d 277 (1973), the court, in a footnote on page 72, characterized the four-year limitation contained in the Uniform Commercial Code as "An exception to the 2-year statute of limitations" where the injury occurs through a breach of contract on a *"sale of goods."* (Emphasis supplied.)

On the contrary, however, in DeMatteo v. White, 233 Pa. Superior Ct. 339, 336 A.2d 355 (1975), the court held that the transaction between plaintiffs, who were purchasers of homes, and the contractor who had agreed to construct the homes for them, was *not a sales agreement.* For this reason, the court held that the four-year limitation contained in the Uniform Commercial Code was not applicable in a cause of action brought to recover damages resulting from the use of defective bricks in the dwelling. It is true that that case did not involve an action for personal injuries but the important point is that the court held that the four-year limitation contained in the code was only applicable in *sales transactions* and would not apply where the transaction did not constitute a "sale." As stated, plaintiff does not even contend in the present case that the transaction between defendant and his employer was a "sale."

Defendant, in his written brief, argues that defendant should be liable in assumpsit for personal injuries sustained by plaintiff resulting from the breach of an implied warranty in connection with the "lease" of the vehicle and that that liability

should "extend to a user of the rental equipment." With these propositions, we do not disagree. However, they do not address the issue before us in this case which has been raised by defendant's motion for summary judgment. The question here is: Which statute of limitation is applicable to the facts presented in this case? Plaintiff has cited no cases and no authority supporting his contention that the four-year limitation contained in the Uniform Commercial Code is properly applicable. On the other hand, all of the authorities cited above clearly indicate that the four-year statutory period is limited to cases arising from "sales" transactions and in all other cases the general two-year statutory period is applicable. For more than 75 years, at the time of plaintiff 's injury, the law had required that actions to recover damages for personal injuries had to be initiated within two years of the date of injury. There is nothing in the language of the code or any of the appellate court decisions that could have led plaintiff to believe that his case, which did *not* involve a sale, fell within the four-year exception which is, by express language, limited to cases involving *sales*. That plaintiff was not misled is indicated by the fact that he first claimed in his pleadings the benefit of a six-year limitation, and it was not until the argument before the court on this question that plaintiff, for the first time, claimed that the four-year code limitation was available to him. We are of the opinion that if the exception to the general rule, carved out by the legislature in the code, is to be enlarged or expanded, it should be done by the legislature and not by the courts acting as legislators.

For all of these reasons, we make the following

## ORDER

Now, February 11, 1976, defendant's motion for summary judgment is granted and judgment is hereby entered in favor of defendant and against plaintiff. Plaintiff 's complaint is dismissed.