375 A.2d 128

COMMONWEALTH of Pennsylvania

v.

**John F. NORMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1976.

Decided June 29, 1977.

342

George M. Schroeck, Erie, for appellant.

Robert H. Chase, District Attorney, Erie, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant was tried by a judge and jury and convicted of burglary[1] on January 19, 1976. Post-trial motions were filed and denied and on June 2, 1976, appellant was sen-

1. 18 Pa.C.S. § 3502.

tenced to pay the costs of prosecution, to make restitution and to undergo imprisonment for two to four years. We reverse the judgment of sentence.

This prosecution stems from the alleged burglary of a warehouse in Erie, Pennsylvania on September 3, 1972. A large quantity of carpet was removed from the warehouse at that time. Appellant and several others were charged with receiving stolen goods. Their trial on September 17, 1973, terminated when the lower court sustained a demurrer at the conclusion of the Commonwealth's evidence. On December 17, 1974, appellant and his former co-defendants were charged with burglary and larceny based on the same incident of September 3, 1972.

At some point prior to trial,[2] appellant filed a motion to quash the burglary and larceny indictments against him, alleging that prosecution of those indictments would constitute double jeopardy or be in contravention of *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973) and 18 Pa.C.S. § 110. The lower court, by opinion dated January 9, 1976, quashed the larceny indictment but refused to quash the burglary indictment. Appeal was taken from that order to this court at No. 424 April Term, 1976, and certiorari issued January 13, 1976. The docket entries show that notice of certiorari was received by the court below on January 14, 1976. Trial commenced on January 16, 1976, and a verdict of guilty was returned on January 19, 1976. On January 22, 1976, the Commonwealth filed a petition to quash the appeal at No. 424 April Term, 1976 as interlocutory. An answer was filed and on February 3, 1976, the appeal was quashed.

"[I]t is of course true that a lower court loses jurisdiction over a case once it has received a writ of certiorari directing that the record be sent to an appellate court, *Hodge v. Me-Bee Co., Inc.,* 429 Pa. 585, 590 n.1, 240 A.2d 818, 821 n.1 (1968) . . . ." *Commonwealth v. Johnson,* 431 Pa. 522, 533–34, 246 A.2d 345, 352 (1968).

2. The docket entries do not reflect the filing of this motion nor is it contained in the record before us.

*Accord, Corace v. Balint,* 418 Pa. 262, 210 A.2d 882 (1965); *DeMatteo v. White,* 233 Pa.Super. 339, 336 A.2d 355 (1975); *Commonwealth ex rel. Dustin v. Hiepler,* 209 Pa.Super. 513, 228 A.2d 671 (1967). Moreover, the instant case does not fall within one of the few recognized exceptions to this rule, as it does not involve a Post Conviction Hearing Act matter, as in *Commonwealth v. Johnson, supra,* or a collateral appeal by a witness, as in *Commonwealth v. Fisher,* 189 Pa.Super. 8, 149 A.2d 670 (1959). Here, a criminal defendant appealed from the refusal of the lower court to quash the burglary indictment against him, an issue which clearly could have been dispositive of the case. It is of no moment that the appeal at No. 424 April Term, 1976 was ultimately quashed. The court below was without jurisdiction to proceed with appellant's trial while a writ of certiorari from this court was in effect.

The judgment of sentence of the lower court is reversed and the case is remanded for a new trial.