**Schreiber v. Pennsylvania Lumberman's Mutual Ins. Co.**

*Louis Silverman*, for plaintiffs.
*David Sorin*, for defendant.

GELFAND, *J.*, July 8, 1980—This matter comes before the court on the motion of defendant, Pennsylvania Lumberman's Mutual Insurance Company, for judgment on the pleadings.

In considering a motion for judgment on the pleadings, this court is constrained to consider only the pleadings, and to accept as true all well-pleaded facts and inferences reasonably drawn therefrom: Herman v. Stern, 419 Pa. 272, 213 A. 2d 594 (1965); Necho Coal Co. v. Denise Coal Co., 387 Pa. 567, 128 A. 2d 771 (1957).

The pleadings indicate the following:

On November 12, 1975 certain items of personal property belonging to plaintiffs, Julius and Bertha Schreiber, were allegedly destroyed as a result of an internal heater explosion. Three days later, on November 15, 1975, plaintiffs gave notice of their loss to defendant, with whom they had an insurance policy, and on November 28, 1975 delivered to it an accounting of said loss.

On February 2, 1978, some two years and three months later, plaintiffs filed a complaint in assumpsit against defendant, after the latter refused to pay a claim for property damage in the sum of $5,678.

Defendant filed an answer containing new matter. In the answer defendant claimed that it had denied plaintiffs' claim since the latter had failed to produce sufficient proof of the extent of the damages.

In the new matter defendant alleged that plaintiffs' action violates the one year limitations clause contained in the insurance policy, which allegedly provides that any action on the policy shall be commenced within 12 months after the inception of the loss.[1]

The new matter contained a notice to defend in the form and language of the notice required for complaints in accordance with Pa.R.C.P. 1018.1 and which stated in part that "you must take action within twenty (20) days after this complaint and notice are served. . . . If you fail to do so the case may proceed without you and a judgment may be entered against you. . . ."

No response to the new matter was filed and defendant on May 30, 1978 then filed a motion for judgment on the pleadings. No answer was filed to the motion for judgment on the pleadings and accordingly this court deemed the matter uncontested and on June 20, 1978 entered judgment in favor of defendant.

On June 29, 1978 plaintiffs filed a petition for reconsideration.[2] On September 7, 1978, after oral

---

1. Defendant also averred in its new matter that plaintiffs have failed to state a cause of action upon which relief can be granted. However, since this averment was not attacked in the motion for judgment on the pleadings, it need not be considered.

2. On July 13, 1978, plaintiffs filed a notice of appeal to the Superior Court from the order of judgment. This appeal was withdrawn on September 28, 1978.

argument, this court granted plaintiffs' petition for reconsideration, and permitted plaintiffs to file an answer to defendant's motion, which they did do on September 12, 1978.

In determining whether to grant defendant's motion for judgment on the pleadings, this court is guided by the principle that such motion may be granted only where there are no disputed issues of fact and where it is clear that "a trial would clearly be a fruitless exercise." Goldman v. McShain, 432 Pa. 61, 68, 247 A. 2d 455, 458 (1968).

Generally, where plaintiff fails to respond to new matter within the 20 day period, the facts contained therein are deemed to be admitted.[3]

However, if a response is not required, such averments are deemed to be denied.[4] In such cases, the averments in the pleadings are in issue and the motion for judgment will be denied where there appears to be a disputed issue of fact: Goldman v. McShain, supra. Therefore, we must preliminarily decide whether plaintiffs were obliged to file an answer to the new matter contained in the answer to the complaint.

Plaintiffs first contend that they were not required to respond to new matter inasmuch as the pleading of the statute of limitations is an averment of law. We find this contention meritless.

Pa.R.C.P. 1030 explicitly includes the affirmative defense of the statute of limitations as a proper subject to be raised in new matter. Moreover, judgments on the pleadings have been entered on numerous occasions by the courts of this Commonwealth where a defendant pleaded the statute

---

3. Pa.R.C.P. 1029(b).

4. Pa.R.C.P. 1029(d).

of limitations as an affirmative defense in new matter and plaintiff failed to reply thereto within the prescribed time. See, e.g., DeMatteo v. White, 233 Pa. Superior Ct. 339, 336 A. 2d 355 (1975).

Plaintiffs next contend that they were relieved of their duty to reply to new matter since the new matter contained a notice to defend rather than a notice to plead.

Rule 1026 of the Pennsylvania Rules of Civil Procedure specifically provides that ". . . no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead."

Pa.R.C.P. 1361 directs that "the notice to plead . . . shall be in *substantially* the following form:
"To: _____

(Name of Adverse Party.)
You are hereby notified to plead to the enclosed (name of pleading) within twenty (20) days from service hereof or a default judgment may be entered against you.

_____
(Party Filing Pleading or His Attorney)" (Emphasis supplied.)

No Pennsylvania appellate court has determined whether the use of a notice to defend rather than a notice to plead in new matter constitutes substantial compliance with rule 1361.

However, we conclude that the notice to defend used by defendant is in substantial compliance with the requirements for the notice to plead, and, if anything, is harmless error.[5]

_____

5. In Dixon v. Keystone Ctrs., Inc., the court held that the use of a notice to defend rather than a notice to plead in a pleading later than a complaint is harmless error. 16 Leb. 148 (1976).

Accordingly, it is the view of this court that plaintiffs were required to respond to new matter, and inasmuch as they failed to do so, they are deemed to have admitted the averment in the petition to the effect that the suit was filed more than one year after the alleged loss.

In this regard, plaintiffs nevertheless further maintain that the one year limitations clause contained in the insurance policy does not bar the instant action inasmuch as defendant, who was appraised of the alleged loss within 15 days of the explosion, was not prejudiced by the delay.

Our Superior Court has stated that recovery may be allowed notwithstanding the expiration of the statute of limitations only where the insurance company conducts itself in such a manner as to be deemed estopped from enforcing the limitations provision or where the company has expressly or impliedly waived its right to enforce the limitations provision: Diamon v. Penn Mutual Fire Ins. Co., 247 Pa. Superior Ct. 534, 372 A. 2d 1218 (1977).

Since no such facts were raised by plaintiffs in their answer and since more than two years elapsed between the inception of the loss and the filing of the complaint, it is the view of this court that the limitations provision bars the instant action.

Accordingly, the following was entered.

## ORDER

And now, July 8, 1980, upon consideration of oral argument and memoranda of law, it is hereby ordered and decreed that defendant's motion for judgment on the pleadings is granted.